# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADRIAN DURAN PATTERSON,

           Plaintiff,

v.

JOHN SCHOTT, MICHAEL FLANNERY, ERIN TISCHER, MATTHEW GADZALINSKI, and JEFFREY PAUTZKE,

           Defendants.

Case No. 17-CV-444-JPS

**ORDER**

Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On March 27, 2017, he filed a motion for leave to proceed *in forma pauperis.* (Docket #2). For the reasons stated below, that motion must be denied.

As part of the Prison Litigation Reform Act ("PLRA"), if a prisoner files more than three (3) actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he or she has accrued three dismissals under this section.

Here, the Court finds that Plaintiff has already accrued at least three strikes and should, therefore, be prohibited from proceeding *in forma pauperis.*

Plaintiff has received strikes in at least the following cases: (1) *Patterson v. Kliesmet*, Case No. 96-CV-305, Docket #6 (E.D. Wis.); (2) *Patterson v. Wauwatosa Police Dep't*, Case No. 96-CV-747, Docket #5 (E.D. Wis.); and (3) *Patterson v. Wisconsin Dep't of Corr.*, Case No. 96-CV-748, Docket #5 (E.D. Wis.). All three of these actions were dismissed in their entirety as frivolous pursuant to Section 1915(g). *See Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010) (holding that dismissal of an action on one or more of the three grounds listed in Section 1915(g) incurs as a strike).

Having determined that Plaintiff has three strikes against him, the Court turns to the consideration of whether he meets the exception for "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his complaint, Plaintiff alleges that police officers employed excessive force against him during a stop of his vehicle and subsequent arrest. The stop occurred in December 2012. Whatever harm might have befallen Plaintiff over four years ago, Plaintiff does not allege that he is in imminent danger of serious physical harm at the present time. As such, the Court will deny Plaintiff's motion to proceed *in forma pauperis* (Docket #2). Accordingly, in order to proceed in this action, Plaintiff must prepay the $400.00 filing fee and all other applicable fees and costs related to this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff must prepay the $400.00 filing fee in this action within **twenty-one (21) days** from the date of this Order. The Court cautions Plaintiff that the failure to pay the filing fee or

Page 2 of 3

Case 2:17-cv-00444-JPS   Filed 04/11/17   Page 2 of 3   Document 7

otherwise respond to this Order will result in the dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 3 of 3

Case 2:17-cv-00444-JPS    Filed 04/11/17    Page 3 of 3    Document 7