# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADRIAN DURAN PATTERSON,

                        Plaintiff,

v.

JOHN L. SCHOTT, MICHAEL FLANNERY, ERIN TISCHER, MATTHEW GADZALINSKI, and JEFFREY PAUTZKE,

                        Defendants.

Case No. 17-CV-444-JPS

**ORDER**

        Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On March 27, 2017, he filed a motion for leave to proceed *in forma pauperis*. (Docket #2). On April 11, 2017, the Court determined that Plaintiff has accrued at least three strikes under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), and that his allegations did not suggest that he was in imminent danger of serious physical injury. (Docket #7). The Court therefore denied him leave to proceed *in forma pauperis*. *Id.* The Court gave Plaintiff twenty-one days to pay the $400.00 filing fee in full or have his case dismissed. *Id.*

        That deadline has passed and Plaintiff has not paid the filing fee. Despite raising meritless protestations about his strikes and other extraneous matters, *see* (Docket #8, #9, #10, and #11), he has ignored the

Court's instruction that this case cannot proceed without full payment of the filing fee. As a result, the Court is obliged to dismiss the complaint without prejudice for failing to pay the filing fee. Civ. L. R. 41(c).[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for recusal (Docket #10) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to pay the filing fee.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] In his latest motion, Plaintiff requests that the undersigned recuse from further consideration of his case. (Docket #10). He cites a certification from the Wisconsin Department of Justice that he does not appear to have three strikes, reasoning that this Court must have fabricated that finding out of bias against him. (Docket #11 at 1–2). However, the fact that the state authorities have not consulted federal court records from 1996 does not alter the conclusion that, based on the Court's review of its own records, Plaintiff acquired three strikes long ago. The motion for recusal is based on Plaintiff's misapprehension of the facts, and it must be denied.